JACOB DOERR and T. M. Buchholz, Doing Business under the Firm Name and Style of Doerr and Buchholz, a Partnership, Respondents, v. HENRY HUETHER, SR., Appellants, and Wilbur Johnson, Garnishee.

and

T. M. BUCHHOLZ, Respondent, v. HENRY HUETHER, SR., Appellant, and Wilbur Johnson, Garnishee.

(193 N. W. 307.)

**Appeal and error — separate action submitted below at same time and disposed of by one order not considered, unless consolidated below.**

Two separate and distinct garnishment actions, which have not been consolidated either by stipulation of the parties or order of the court, will not be treated as consolidated so as to permit them to be brought up for appellate review by one appeal merely because they were submitted to the trial court at the time, and by the same counsel, and the trial court disposed of both actions by one order.

Opinion filed April 18, 1923.

Appeal and Error, 3 C. J. § 108 p. 354 n. 55, 56.

Appeal from the District Court of McIntosh County, *McKenna, J.*

Defendant appeals from an order entered denying motions to dissolve and dismiss two separate and distinct garnishment actions.

Appeal dismissed.

*I. A. Mackoff,* and *Curtis & Remington,* for appellant.

*W. S. Lauder,* for respondents.

PER CURIAM. A motion has been made to dismiss the appeal on the

ground of duplicity. The material facts are as follows: In December, 1922, T. M. Buchholz instituted an action in a justice's court in McIntosh county in this state against Henry Huether, Sr., to recover upon a certain promissory note in the sum of $80.60, claimed to have been executed and delivered by said Henry Huether, Sr., to said T. M. Buchholz. A garnishment action was, also, instituted in said justice's court, naming one Wilbur Johnson as garnishee. At or about the same time, an action was instituted in the district court of McIntosh county by Jacob Doerr and T. M. Buchholz, copartners, as plaintiffs against Henry Huether, Sr., as defendant. This action was brought to recover the balance claimed to be due upon a certain promissory note in the sum of $349.50, alleged to have been executed and delivered by the said Henry Huether, Sr., and one Rosina Huether, to one Hildenbrand as administrator, and by him, in due course, sold, indorsed and delivered to the plaintiffs. A garnishment action was also instituted in the district court of McIntosh county, ancillary to this latter action, against said Wilbur Johnson as garnishee.

The defendant served an affidavit or answer containing a schedule of his property, and claimed his exemptions both in the justice's and the district court. The record does not disclose what, if any, action was taken in the justice's court. Upon the oral argument it was stated that, through an understanding of the parties, no ruling was made by the justice of the peace, but the papers were presented to the district court and treated as an action commenced in that court. The record further contains claims of exemption made in both actions by the wife of the defendant, wherein she states that she makes the same, because her husband had neglected to make proper claims for exemption. Thereafter, the defendant made a motion in the district court in each of said actions that the garnishment be dissolved, and dismissed, and the moneys in the hands of the garnishee set aside as exempt. The trial court signed and filed a memorandum decision, and also, an order denying the motions. Both the memorandum decision and the order were fully entitled in each of said garnishment actions. The defendant seeks to review the correctness of the trial court's ruling in each of said garnishment actions by one appeal.

In our opinion the motion to dismiss the appeal on the ground of duplicity must be granted. It is true the court filed a memorandum

opinion entitled in both actions; and later signed an order (apparently prepared by counsel for defendant) entitled in both actions, and denying the motions in each of them. It is significant, however, that both the memorandum decision and the order is fully entitled in both causes, and the separate character of the two causes is preserved.

The record contains no stipulation or order for consolidation of the causes. The motions to dismiss were separate. The two main actions relate to entirely different transactions. The parties plaintiff in such actions and in the garnishment actions are not the same. Upon the record it is not at all clear that the decision in one of the garnishment actions necessarily will be controlled or affected by the decision in the other. In the circumstances the order must be deemed an order in each case. It cannot be treated as an order entered in two cases which have been consolidated and become one for the purpose of determination. The great weight of authority is to the effect that in the circumstances here existing two separate and distinct causes cannot be brought up for appellate review by one appeal. 3 C. J. 354, 355.

Appeal dismissed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.