## No. 4660.

:STATE OF LOUISIANA ex rel. J. O. NIXON *v.* JAMES GRAHAM, Auditor. State of Louisiana, intervenor.

This court does not recognize the right of the Attorney General, whose term of office is about expiring, to make an agreement so as to preclude his successor from taking an appeal and otherwise discharging his duty to the State.

An Attorney General who palpably neglects his duty, and who abandons the interest of the State which he was charged to protect and to defend, has no authority to make contracts binding on his successor for a like dereliction of duty.

The Attorney General is not the State, but only its counsel. His agreement to acquiesce in a judgment is not the acquiescence of the State, nor does it bind a succeeding Attorney General not to take an appeal where the time for appealing has not elapsed.

The appellee is not entitled to notice of the order of appeal, where it was granted on the mandamus of this court, and relates back to the time the appeal was denied on the trial of the rule, contradictorily with the parties to the suit.

A statement of facts signed by the relator, "to facilitate the trial and to be used on the trial in the Supreme Court," would be sufficient to dispense with a citation of appeal on said relator.

The question on the merits presented in this suit is identical with the one decided in the case of the State ex rel. Salomon & Simpson against the same defendant, 23 An. 402.

The State debt exceeded the constitutional limitation of $25,000,000 at the time the act for the relief of the relator was passed, and created a debt in his favor. His claim therefore can not be enforced.

APPEAL from the Eighth District Court, parish of Orleans. *Cooley,* J., acting in the absence of *H. C. Dibble,* judge of said court. *J. B. Howard* and *John Ray,* for relator and appellee. *Hays & New, J. Q. A. Fellows* and *A. P. Field,* Attorney General, for respondents and appellants.

WYLY, J. The plaintiff moves to dismiss this appeal :

*First*—Because the judgment herein has been acquiesced in by S.. Belden, Attorney General.

*Second*—Because the appellee has not been cited, the appeal being. granted by motion on fifteenth March, 1873, at à term different from that at which the judgment was rendered, which was on eighteenth, September, 1872.

*Third*—Because the State of Louisiana is neither a defendant nor an intervenor, and the Auditor has not given bond.

We do not recognize the right of the Attorney General, whose term, of office is about expiring, to make an agreement not to take an appeal in a case, so as to preclude his successor from taking an appeal and otherwise discharging his duty to the State.

An Attorney General who palpably neglects his duty and who abandons the interest of the State, which he was charged to protect and to defend, has no authority to make contracts binding on his suc-- cessor for a like dereliction of duty to the State.

The Attorney General is not the State; but only the counsel for the State.   His agreement to acquiesce in a judgment is not the acquiescence of the State; nor does it bind a succeeding Attorney General not to take an appeal where he believes it the interest of the State to do so,. and the time for appealing has not elapsed.

The rule for an appeal was tried contradictorily with the appellee, on second October, 1872, and the right to appeal was denied.   The appellants applied for a mandamus and prohibition, and on tenth March, 1873, these writs were made peremptory and perpetual by this. court, and the appeal has been brought up in pursuance thereof.   We do not consider the appellee entitled to notice of the order of appeal, because it was granted on the mandamus of this court; and it relates back to the time the appeal was denied on the trial of the rule contra- dictorily with the parties to the suit.   This court has only compelled the order which should have issued then.

Besides, the statement of facts signed by the relator and "to facili-- tate the trial and to be used on the trial in the Supreme Court," would be sufficient to dispense with a citation of appeal.   It is inconsistent and absurd for the relator to contend that he has no notice of this appeal, and at the same time to file a document signed by himself, for the purpose of facilitating the trial and to be used at the trial in the Supreme Court.   A document of that character, voluntarily filed in the lower court, would be considered as a voluntary appearance, and would. obviate the necessity for citation.

The third ground, that the State of Louisiana is neither a defendant. nor an intervenor, was probably made in error.   Because from the record it is positively untrue.

The Attorney General, in the same document, filed an answer for

the Auditor and an intervention for the State; and the court entered the following order: "The intervention in this is case is allowed by the court to be filed." And at the trial the minutes of the court show that the State by the Attorney General, appeared as an intervenor.

The motion is therefore denied.

ON THE MERITS.

The question presented is the same as that presented in The State ex rel. Salomon & Simpson against the same defendant, 23 An. 402. Indeed, it is the same claim, now in the hands of the original party, J. O. Nixon; it was then in the hands of Salomon & Simpson, the transferrees of Nixon. How the claim can be stronger in the hands of the obligee or the beneficiary of the act No. 32 of the acts of 1871, than it was in the hands of his transferrees, we can not imagine.

It is proved that the State debt exceeded $25,000,000 at the time act No. 32, for the relief of J. O. Nixon, was passed. That act created a debt of over $50,000 in favor of Nixon when the constitution prohibited the State from creating it, because the limit of $25,000,000 had already been reached.

For the reasons stated and those given in State ex rel. Salomon & Simpson v. James Graham, Auditor, 23 An. 402, the judgment herein in favor of the relator must be reversed.

It is therefore ordered that the judgment appealed from be annulled; and it is further ordered that there be judgment for the intervenor, and that the mandamus herein be disallowed and the suit be dismissed at the costs of the relator in both courts.

Rehearing refused.