54  143
92  396

---

[No. 6,631.]
## McDONALD *v.* McCONKEY.

Appeal — Attorney — Waiver. — Where an appeal was taken by an attorney not the attorney of record in the Court below, and respondent's attorney joined with him in certifying the transcript: *Held,* that the latter waived his right to object to the competency of the former to take the appeal; and intimated by the Court, but not decided, that the attorney taking the appeal was competent to do so, without regard to the waiver; an appeal being, like a writ of error, a new proceeding, and the party appealing having the power to appoint a new attorney.

Motion to dismiss an appeal from the Third District Court, County of Alameda.

The facts are stated in the opinion.

*J. R. Palmer,* for Appellant.

*A. H. Griffith,* for Respondent.

Department No. 2, Thornton, J.:

In this cause, the respondent, by his attorney, J. R. Palmer, Esq., moves to dismiss the appeal and strike the transcript from the files, on the grounds that the attorney (A. H. Griffith) who signed, filed, and served the notice of appeal, and filed and served the transcript herein, was not, at the time of so doing, the attorney of record for the defendant and appellant, and was not, therefore, competent to give such notice or take an appeal in the cause.

There appears in the transcript, at the end thereof, a certifi‑ cate, signed by A. H. Griffith, as attorney for appellant, and J. R. Palmer, as attorney for respondent, to the effect that the persons above named, as attorneys for the plaintiff and defendant, certify that the foregoing transcript embraces a full, true, and correct copy of the judgment roll, notice of motion for new trial, notice of motion to dismiss motion for new trial, order dismissing the same, notice of appeal, and that an undertaking on appeal in due form has been duly filed.

We are inclined to the opinion that Mr. Griffith was compe‑ tent to give the notice of appeal, and to take an appeal in the cause, for the reason that an appeal, like a writ of error, is a new proceeding, and that the party to the action has full power to constitute an attorney to take and prosecute the appeal, other than the attorney of record in the cause in the Court below.

But waiving this question, which we do not intend to decide, we think the attorney for the respondent admitted the compe‑ tency of Griffith, by joining with him in the certificate referred to, and thus waived the right to object to his competency in the mode which he has adopted.

The appeal is therefore regularly here, and the motion must be denied.

The question as to the competency of Griffith to act as attorney for defendant in the Court *a quo*, in the mode set forth in the transcript, is not passed on here. and is reserved until the argument of the cause.

Motion denied.

MYRICK, J., and SHARPSTEIN, J., concurred.