## BRAY CLOTHING CO. et al. v. HOLLAND.

No. 11776—Opinion Filed Dec. 18, 1923.

Rehearing Denied March 25, 1924.

**1. Appeal and Error—Statutory Notice of Appeal.**

Section 782, Comp. Stat. 1921, is mandatory, and provides: "The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court."

**2. Same—Record of Notice—Jurisdiction.**

Where the record shows that the trial court found that no notice of intentions to appeal was in fact given in open court, as provided in said statute, jurisdiction to hear such appeal cannot be conferred on the Supreme Court as a matter of grace or favor to a plaintiff in error by the trial court in permitting the record to show that such notice was given.

**3. Same—Notice Not Waived by Amending Case-made.**

Appellee does not waive objection to the notice of appeal, required by section 782, Comp. Stat. 1921, by suggesting and procuring amendments to the case-made. Haslet et al. v. Pan-American Refining Co., 91 Okla. 110, 216 Pac. 432, is expressly overruled.

**4. Same—Requisites of Waiver.**

The notice of appeal required by said statute may be waived by appellee, but such waiver must be in writing and for such purpose. Appearance in application to amend, and procuring amendment to case-made by appellee, do not constitute sufficient writing or appearance for such purpose.

(Syllabus by Estes, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Adair County; E. B. Arnold, Judge.

Action between John Holland and the Bray Clothing Company et al. Judgment for the former, and the latter appeal. Dismissed.

Samuel Weston, for plaintiffs in error.

W. A. Woodruff, for defendant in error.

Opinion by ESTES, C. The plaintiffs in error, the Bray Clothing Company et al., attempted to appeal to this court from the judgment of the district court of Adair county, granting a writ of prohibition against them in favor of the defendant in error, Holland. The cause is for decision on motion of defendant in error to dismiss appeal for the reason that no one or more of the plaintiffs in error did, at the time in said district court, give notice of intentions to appeal to the Supreme Court as provided by law.

1, 2. The record discloses that on June 30, 1920, said judgment was rendered; that on the same day motion for new trial was overruled and the plaintiffs excepted thereto: that on August 28, 1920, defendant, Holland, suggested and pronounced amendments to the case-made; that on the same day plaintiffs filed motion to correct the trial docket and to amend the same to show that they gave notice, on said June 30, in open court of their intentions to appeal; that on hearing of said motion of plaintiffs, the attorney for the defendant in error swore positively that no notice of intentions to appeal, oral or written, was given on said date, and the attorney for plaintiffs in error testified positively that he gave such notice on said day. The record further shows the following colloquy between Mr. Weston. attorney for plaintiffs in error. and the court:

"Mr. Weston: I understand then the court don't desire to make the entry on his trial docket that the respondents in open court declared their intention to appeal? I say that I did declare my intention at that time that I did intend to appeal.

"The Court: Yes, there is no question in the world but that you intended to take an appeal, Judge. I will give you a chance to appeal this case. I don't want to deprive any one of an appeal. I will make the entry.

"Mr. Weston: I am very grateful to the Judge, I am sure. I feel that I have had a great favor bestowed upon me.

"The Court: No, now we need none of that, Judge Weston. In my judgment, you just overlooked giving notice of appeal at that time, but I don't want to deprive you of the appeal, if you want it."

Thereupon the record was amended to show such notice of intentions to appeal. Section 782, Comp. Stat. 1921, is mandatory, and, among other things, provides that:

"The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court."

It is the giving of the notice in open court that confers jurisdiction. The mere intention to appeal, without giving notice of such intention, confers no jurisdiction on this court to hear the cause. Hunter v. Hughes et al., 77 Okla. 81, 186 Pac. 468; Patterson v. Townley Metal & Hardware Co., 83 Okla. 54, 200 Pac. 852. The trial court in this case, true to the judicial bent of fairness, attempted to grant an appeal to plaintiffs in error as a matter of grace or favor contrary to the very fact as found by the court—that the attorney had overlooked giving such notice. This cannot be.

3. In resistance to the motion to dismiss for failure to give notice of such intentions to appeal, plaintiffs in error contend that suggesting and procuring amendments to the case-made by Holland, within the time provided by law for filing appeals in this court, constitute a general appearance on the part of Holland and a waiver of such notice under the statute. Haslet et al. v. Pan-American Refining Co., 91 Okla. 110, 216 Pac. 432, is offered to sustain, and does sustain, such contention In Hill v. Hill et al., 49 Okla. 424, 152 Pac. 1123, cited in the Haslet Case, it appears that after the petition in error, with case-made attached, was filed in the Supreme Court, the plaintiff in error presented an application for a receiver; that defendants in error appeared by their attorneys and opposed such application for receiver, and to avoid the appointment of a receiver, executed a bond to the plaintiff in error. The court held that such acts constituted a general appearance in the Supreme Court, and a waiver of the issuance and service of summons in error. Defendant in error, Holland, had the statutory right of amending the case-made to have the same settled and made to conform to the truth in the lower court before the appeal. We do not think the exercise of this right could operate as a waiver of the right to object to the failure of the plaintiffs in error to give in open court the said notice of intentions to appeal. Brooks v. Nevada-Nickel Syndicate (Nev.) 52 Pac. 575. In that case it was held, in effect, that a defendant does not waive any objection to the service or filing of the notice of appeal by subsequently serving appellant with amendments to his proposed statement on appeal.

4. In Chicago, R. I. & P. Ry. Co. v. Cleveland, 61 Okla. 64, 160 Pac. 328, this court held that a defendant in error, or his attorney, may waive in writing the issuance and service of a summons in error, and such waiver may be made at any time prior to the expiration of the time allowed for appeal. The summons in error, under which that case was decided, has been abolished, and the said notice in open court substituted therefor. By the same token, the said notice in open court, now in vogue, may be waived. Such waiver should be in writing and becomes effective when the petition in error, with case-made, is filed in the appellate court. Suggesting amendments by the defendant in the trial court is not such waiver in writing. The writing in the lower court, in order to constitute an appearance and waiver of such notice in open court, should be for such specific purpose. The holding in said Hasler Case and any others in this jurisdiction that notice of appeal required to be given under section 782, statutes supra, is waived by appellee in general appearance to file amendments to case-made, within six months from date of judgment, is hereby expressly overruled.

Because plaintiffs in error did not give such notice in open court of intentions to appeal, and defendant in error did not enter appearance in this court to waive in writing the giving of such notice in the trial court, this appeal should be and is dismissed.

By the Court: It is so ordered.