[File No. 7328]

ED. PHILLIPS AND SONS CO., a Corporation and Griggs Cooper Distributing Company, a North Dakota Corporation, Respondents, v. ARNOLD ERICKSON, also known as Arnie Erickson and Paul Pedersen, Individually and as Copartners Doing Business as Pete's Bar, Arnold Erickson, Appellant.

(55 NW2d 575, 36 ALR2d 819)

Opinion filed Nov. 14, 1952. Rehearing denied Nov. 26, 1952

*Emanuel Sgutt,* for respondents.
*Odin J. Strandness,* for appellant.

BURKE, J. Ed Phillips and Sons Co. a corporation and Griggs Cooper Distributing Company, a corporation, each commenced separate actions against the defendants, Erickson and Pedersen, individually and as copartners. The actions were upon separate and distinct accounts due to the respective plaintiffs. Because the principal issue in each case was whether Erickson was a partner of Pedersen, the two actions were, by stipulation, consolidated for trial. At the trial, in accordance with the trial court's instructions, separate verdicts were rendered in each

case and, in accordance with the verdicts, separate judgments were ordered and entered, the judgment in favor of Ed. Phillips and Sons being in the sum of $712.69, and that in favor of Griggs Cooper Distributing Company being in the sum of $326.66. Plaintiffs' attorney served a notice of entry of judgment in each case upon the attorney for the defendants.

Thereafter, the defendant, Erickson moved for judgment notwithstanding the verdict or in the alternative for a new trial. The notice of motion and motion are entitled, Ed. Phillips and Sons Co. and Griggs Cooper Distributing Company v. Arnold Erickson and Paul Pedersen individually and as copartners. Thus, although the cases were consolidated for purposes of trial only, this motion treats the cases as if they had been consolidated for all purposes. No objection, to the form or title of the notice and motion, was made by plaintiff's attorney, but when the motion was denied, separate orders, denying the motion in each case were entered.

Defendant has attempted to appeal from these orders, entered one each in two separate actions upon different causes of action in favor of different plaintiffs, by one notice of appeal. The notice of appeal is entitled in the same manner as the motion for judgment notwithstanding the verdict or for a new trial was entitled. It states that the defendant, Erickson, appeals from the order of the County Court of Cass County dated and docketed on the 30th day of July 1952, in the above entitled cause, whereby a motion for judgment notwithstanding the verdict or for a new trial was denied.

Appellant has moved to dismiss the appeal upon the grounds, (1) that the notice of appeal was insufficient to confer jurisdiction upon the Supreme Court in either or any of the causes in the County Court of Cass County, involving the corporations named as plaintiffs and the defendant appellant herein (2) that no appeal has been perfected in any cases involving the corporations named plaintiffs and the defendant appellant; and (3) that the appeal, if it can be construed to be an appeal, is duplicitous.

The motion to dismiss must be granted. The notice of appeal refers to one order entered in a single action. It is entitled in an action which, insofar as the records of the County Court of

Cass County are concerned does not exist. The appeal bond, served and filed, refers to a judgment in favor of the plaintiffs and against the defendant in the sum of $1049.35. No mention is made in the bond of any appeal from an order and there is no judgment, such as is described in the bond, of record in the County Court of Cass County. However, if we pass the inaccuracies contained in the notice of appeal and appeal bond and allow appellant's contention that the entire record shows appellant's intention to appeal from two separate orders entered, one each in two different actions, each bearing a title different from that borne by the notice of appeal, the appeal must then be dismissed for duplicity.

It is true that these two actions were united for the purposes of trial by stipulation of counsel. It is clear, nevertheless that the separate character of the two causes, was carefully preserved, throughout all the proceedings, by the rendition of separate verdicts, the entry of separate judgments and the entry of separate orders denying the motion for a new trial in each case. The fact that two cases were tried together is not sufficient to consider them as consolidated so that one appeal is sufficient to bring the orders entered in each case before the appellate court. Doerr v. Huether, 49 ND 717, 193 NW 307; Williams v. Fidelity Loan and Savings Co., 142 Va 43, 128 SE 615, 45 ALR 664; Oerter v. Georger, 70 Wash 110, 126 P 103, Ann Cas 1914B 686. See also Annotations in 17 Ann Cas 291, Ann Cas 1914B 687. Appeal dismissed.

MORRIS, C. J., and SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.