## Marjorie L. Jones v. Ethel B. Jones' Admx.

[134 A2d 841]

May Term, 1957.

Opinion Filed September 3, 1957.

*J. Malcolm Williams* for the appellant.

*Philip M. M. Phelps* for the appellee.

**Cleary, J.** This is an appeal from an order of the Rutland County Court granting a motion to dismiss the appeal of the claimant from the decree of the Probate Court for the District of Fair Haven. The appellant excepted to the granting of the motion to dismiss, the county court stayed its order and passed the cause here under the provisions of V. S. 47, §2124.

The appeal from the decree of the probate court was allowed by that court on May 7, 1956, with the direction that notice of the appeal be given to the administratrix of the estate, by any sheriff or constable in the State, within

21 days from May 7, 1956. Such service was not made, but on May 12, 1956 a copy of the appeal papers was mailed to the attorney who had appeared for the administratrix in probate court. The appeal was entered in the county court on May 17, 1956.

On June 2, 1956, the Administratrix appeared specially, by her attorney, and filed a motion to dismiss, "on the grounds that the Rutland County Court does not have jurisdiction over the cause, the process, or the said Ina P. Fales as administratrix in that the said Ina P. Fales has not been served with an attested copy of said Appeal, Declaration and Order by a Sheriff or Constable within said State of Vermont within twenty-one days from the 7th day of May, 1956." On September 12, 1956 the attorney withdrew his special appearance and entered his general appearance for the administratrix. Later hearing was had on the motion to dismiss, and the motion was granted.

The appellee makes no claim but that the appeal from the probate court was seasonably taken and allowed, and jurisdiction of the person was conceded. The appellee's sole claim is that the county court had no jurisdiction of the subject matter because notice of the appeal from the probate court was not given to the appellee as directed by the probate court and, therefore the attempted appeal was void and could not be reinstated by agreement, waiver, or any other happening.

The appellee cites *In re Carlton*, 108 Vt 312, 187 A 423, in support of her contention. In that case all the statutory requirements had been strictly complied with except the appellant had failed to file a certified copy of the record of the proceedings appealed from. This Court held, at page 316: "Failure to comply with that, alone, did not affect the jurisdiction of the county court over the subject matter. Since this is so, appellee waived the defect by failing seasonably to interpose the motion to dismiss, and appellant was entitled to have such motion denied as of right." In the present case all the statutory requirements were strictly complied with except the appellant failed to give notice to the adverse party according to the order of the probate court.

Failure to comply with this, alone, did not affect the jurisdiction of the county court over the subject matter.

█ Moreover, the failure to give the directed notice was cured before the hearing on the motion to dismiss by the entry of a general appearance for the appellee. Such an entry was a waiver of the failure to give notice of the appeal. The motion to dismiss should have been denied for this reason. *Weed* v. *Boutelle*, 56 Vt 570, 572; *Howe* v. *Lisbon Savings Bank*, 111 Vt 201, 214, 215, 14 A2d 3.

█ In cases such as this, even where the appellee has not entered a general appearance, but moves to dismiss because of failure to give notice, the practice has been not to dismiss the appeal but to continue the case and give notice. *Woodard* v. *Spear*, 10 Vt 420, 423; *Meech* v. *Estate of Meech*, 37 Vt 414, 418. We would follow this practice here if it were necessary.

*The order of the county court granting the motion to dismiss is reversed, the motion to dismiss is denied and the cause remanded.*