21911.   WILSON, by Next Friend
v. DAVIS, Administrator, et al.

DUCKWORTH, Chief Justice.   A casual reading of the record discloses that three separate equitable actions were brought against two named defendants by three separate and distinct persons, all seemingly having the same allegations arising out of the same facts and circumstances, with the court issuing three separate orders on the same date dismissing each case.   The bill of exceptions does not state whether or not all plaintiffs are plaintiffs in error and whether all defendants are defendants in error.   Possibly the three cases should have been consolidated in the court below, or possibly only one suit should have been filed, but this court is not required to order consolidation in this court or to inquire into the status or intentions of the parties.   While under *Code Ann.* § 6-1202 (Ga. L. 1957, p. 224), we possibly could make inquiry of the lower court as to the proper parties, yet the losing parties can not by a single bill of exceptions bring three separate suits to this court for review of judgments separately rendered in such cases in the court below.   *Erwin v. Ennis,* 104 Ga. 861 (31 SE 444); *Wells v. Coker Banking Co.,* 113 Ga. 857 (39 SE 298); *Purvis v. Ferst,* 114 Ga. 689 (40 SE 723); *Futch v. Mathis,* 148 Ga. 558 (97 SE 516); *Brownlee v. Brownlee,* 203 Ga. 377 (46 SE2d 901).   Accordingly, the motion to dismiss is well taken as this court is without jurisdiction to consider such a bill of exceptions.

*Writ of error dismissed.   All the Justices concur.*
SUBMITTED JANUARY 15, 1963—DECIDED
FEBRUARY 11, 1963.

*Ben S. Atkins,* for plaintiff in error.
*Robert J. Noland,* contra.