388 P.2d 798

**L. Doyle NUNLEY, Plaintiff and Respondent,**

v.

**STAN KATZ REAL ESTATE, INC., a corporation, and Stan Katz, Defendants and Appellants.**

No. 9820.

Supreme Court of Utah.

Jan. 28, 1964.

Wendell P. Ables, Salt Lake City, for defendants and appellants.

Horace J. Knowlton, Salt Lake City, for plaintiff and respondent.

McDONOUGH, Justice.

This action originated against Stan Katz Real Estate, Inc. and Stan Katz individually alleging $1,500 as the balance due and owing on an Earnest Money Receipt and Offer to Purchase contract signed by plaintiff L. Doyle Nunley and Stan Katz individually. The lower court awarded judgment to plaintiff for $1,410 plus interest from January 19, 1962, together with attorney's fees in the amount of $390.33 and costs expended. Counterclaims by each of the defendants were denied.

The above judgment was entered on December 3, 1962, and 11 days later, on December 14, 1962, motions for a new trial and to amend the findings of fact and conclusions of law were filed with the district court. On the 27th of December these motions were heard and defendants were granted an amendment to the findings of fact and conclusions of law. A judgment pertaining to the amendments was entered on January 2, 1963, allowing a counterclaim of Stan Katz Real Estate, Inc. for a commission on the sale of the property which is the subject of the Earnest Money Receipt. From the January 2, 1963 judgment, an appeal was taken naming Stan Katz individually as the appellant. However, appellant now claims in his brief, that Stan Katz individually and Stan Katz Realty are one and the same person and therefore both are appealing from the December 3, 1962 judgment, although the appeal designates the January 2nd judgment. The designation of record on appeal was filed February 8, 1963, 37 days after the notice of appeal was filed.

We are initially faced with a procedural question, i. e. whether this court can act on an appeal from an admittedly void judgment. The motions for new trial and to amend the findings of fact and conclusions of law were filed too late for the lower court to act on these particular motions. Rule 52(b), U.R.C.P.1953, states: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings * * *." Rule 59(b) states: "A motion for new trial shall be served not later than 10 days after the entry of the judgment. * * *" Rule 6(b) specifically limits the time within which relief can be granted in stating: "The court * * * may not extend the time for taking any action under rules * * * 52(b)

59(b) * * * except to the extent and under the conditions stated in them."

▮ It is admitted by appellant that under the above rules, the January 2, 1963 judgment is void. However, he claims the insertion of the January 2, 1963 date was an oversight on his part or a mere clerical error which under Rule 60(a), U.R.C.P. can and should be corrected by this court. If the December 3, 1962, date had been inserted, the appeal would have been within the time allowed by our rules and not subject to the objection here made.[1] Appellant has cited Price v. Western Loan & Savings Co., 35 Utah 379, 100 P. 677, as supporting his position. In that case defendant had a judgment entered against it on September 26, 1906, and moved for a new trial on October 2, 1906. The motion for a new trial was overruled on December 8, 1906. Defendant served notice of appeal upon plaintiff appealing the judgment rendered on December 8, 1906, and from the order denying a new trial entered on the same day. Under the rules appellant could appeal from a final judgment but not from an order denying a new trial. Respondent moved to dismiss the appeal and contended that the only final judgment rendered was on September 26, 1906, and the insertion of the December 8th date was fatal. The court overruled this contention and stated:

"Nor was the appeal rendered abortive because of the insertion of a wrong date in the notice as to when the judgment appealed from was rendered; it clearly appearing from the record that the respondent was neither misled nor in any way prejudiced by the mistake."

In our opinion the Price case is not directly in point as in reality that case had only one judgment to appeal and was sufficiently designated in the appeal although the wrong date was inserted. In the instant case we have two distinct judgments. These two judgments (i. e. December 3, 1962, and January 2, 1963) are quite different in that costs are specifically designated in the second judgment, but more important, a counterclaim of defendants denied in the first judgment was granted in the second. There would be no problem if we were faced only with when the judgment appealed from was entered as in the Price case, but here the problem is, which judgment is final and which is being appealed. As was stated in the Price case, the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case. Respondent is entitled to know specifically which judgment is being appealed. The second judgment being different than the first and in addition void takes this case from the realm of a mere clerical

1. Rule 73(a), Utah Rules of Civil Procedure. See also In re Lynch's Estate, 123 Utah 57, 254 P.2d 454.

error as was evidently made in the Price case. The date becomes material in this instance and we are not inclined to correct appellant's error. Although the judgments are essentially the same as to Stan Katz individually, in our opinion respondent would be prejudiced if appellant were allowed to appeal under the above circumstances.

Even if appellant's insertion of the wrong date amounted to a mere clerical error, we would not be inclined to allow this appeal to stand because of the time lapse in filing the designation of record on appeal. The designation of record on appeal was filed 27 days late or 37 days after the notice of appeal was filed. The reason given for the failure of appellant's counsel to file the designation was that he entered the case on or about the date the notice of appeal was filed and not having read the transcript, desired to do so before filing the designation. Counsel admitted he acted inadvertently, and seeks relief because of excusable neglect as provided for in Rule 73(a), U.R.C.P.

Failure to serve the designation of record on appeal is non jurisdictional and is within the discretion of this court as to the course of action to take.[2] There is no showing here of what we would consider excusable neglect. When more time is required our rules provide for an extention of time upon good cause showing.[3] When counsel is available to request this additional time and fails to do so within the time prescribed, it seems incongruous for him to later appear and claim excusable neglect on the basis he needed additional time. If an attorney files a notice of appeal, he is charged with knowledge of when the designation of record on appeal should be filed. He then has 10 days in which to accomplish this act[4] and if during that period he is aware or should be aware of a reason for delay, then to ignore the time period and later claim excusable neglect, without filing for an extension of time, is, in our opinion, no foundation for objection. As was stated in the Holton case:[5]

"Although the New Rules of Civil Procedure were intended to provide liberality in procedure, it is nevertheless expected that they will be followed, and unless reasons satisfactory to the court are advanced as a basis for relief from complying with them, parties will not be excused from so doing."

We find no merit in the contention of excusable neglect, and accordingly the appeal is dismissed.

HENRIOD, C. J., and CALLISTER, CROCKETT, and WADE, JJ., concur.

2. Holton v. Holton, 121 Utah 451, 243 P.2d 438.
3. Rule 6(b), U.R.C.P.
4. Rule 75(a), U.R.C.P.
5. Holton v. Holton, footnote 2.