LEANNE E. WELCH AND LEANNE E. WELCH, AS GUARDIAN AD LITEM FOR MADELINE WELCH, SONJA WELCH AND MONICA WELCH, APPELLANTS, *v.* THE STATE OF NEVADA, ON THE RELATION OF THE STATE HIGHWAY DEPARTMENT, HUSTON D. MILLS, MINERAL COUNTY, THE BOARD OF COUNTY HIGHWAY COMMISSIONERS OF MINERAL COUNTY, SILVER STATE CONSTRUCTION COMPANY, A CO–PARTNERSHIP, A. D. DRUMM, JR., AND DONNA ANDREA DRUMM, INDIVIDUALLY, AND AS CO–PARTNERS IN SAID CO–PARTNERSHIP, RESPONDENTS.

No. 4726

March 11, 1964                                390 P.2d 35

*Breen, McDonald and Young,* of Reno, for Appellants.

*Vargas, Dillon, Bartlett & Dixon,* of Reno, for Respondents Silver State Construction Company, A. D. Drumm, Jr., and Donna Andrea Drumm.

*Harvey Dickerson,* Attorney General, *Robert J. Potter,* and *Eli Grubic,* Special Deputy Attorneys General, for Respondents State of Nevada, and Huston D. Mills.

## OPINION

*Per Curiam:*

This is an action against the State of Nevada and others for damages resulting from an automobile accident on a state highway.

On October 11, 1963 the lower court made and filed its Ruling on Motion to Dismiss in favor of the State and defendant Mills. On the same date it granted the motion of Silver State Construction Company, A. D. Drumm, Jr., and Donna Andrea Drumm for summary judgment that the action be dismissed as to them. A formal judgment dismissing the action against the Silver State Construction Company, A. D. Drumm, Jr., and Donna Andrea Drumm was signed on October 15, 1963 and filed on October 16, 1963. On October 21, 1963 notice of entry of the October 16, 1963 judgment was served upon plaintiffs by the attorneys for Silver State Construction Company, A. D. Drumm, Jr., and Donna Andrea Drumm. A notice of appeal from "the judgment for the defendants, and all parts thereof, entered in the above-entitled action on the 16th day of October, 1963," was filed November 15, 1963. The bond for costs on appeal was also filed on November 15, 1963 and it recites that the plaintiffs have appealed from the judgment entered on October 16, 1963. On November 19, 1963 the State of Nevada served notice

of the entry of the ruling of October 11, 1963 on its motion to dismiss. No notice of appeal other than that filed on November 15, 1963 was filed.

The matter now before us for determination is a motion by the State of Nevada and Huston D. Mills to dismiss the appeal as to them based on the ground that appellants have not appealed from the order of October 11, 1963 dismissing them as parties defendant in the court below.

We have concluded that the motion to dismiss the appeal as to the State of Nevada and Huston D. Mills must be granted.

NRCP 73(b) provides: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken."

Not only does the notice of appeal refer solely to the judgment of October 16, 1963, but so also does the bond on appeal.

■■■■■■■■

If it was the intention of appellants to appeal from the October 11, 1963 order they have not complied with Rule 73(b). Under this rule we said in Reno Newspapers v. Bibb, 76 Nev. 332, 353 P.2d 458: "Only those parts of the judgment which are included in the notice of appeal will be considered by the appellate court."

■■■■■■

Where several defendants are joined and separate judgments are entered, a notice of appeal specifically designating one of these cannot be interpreted to include any other not mentioned. Newell v. Newell, 289 P.2d 22 (Cal.App. 1955), superseded without discussion of these points in 46 Cal.2d 861, 299 P.2d 849. In Newell, it was held that a notice of appeal from an order entered on the "23rd day of June, 1954, and from the whole thereof," was insufficient to take an appeal from or bring up for review any alleged error in issuing the restraining order made June 18, 1954 and entered on June 22, 1954, no notice of appeal having been filed therefrom;

and that the notice of appeal must point out the particular judgment or order, or the specific part thereof, from which the appeal is taken. "Nor is there any merit in the contention that the words 'from the whole thereof' appearing in the notice of appeal, are sufficient to bring up for review the order from which an appeal was not taken. The words 'from the whole thereof' in the notice of appeal relate to the order previously mentioned, to wit, the order dated the 23rd day of June, 1954, and from the whole thereof, and not to any other order or judgment. (Citation) In the absence of a proper notice of appeal being filed, this court is without jurisdiction to consider any alleged error in the order entered June 22, 1954." Accord Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113.

The motion of the State of Nevada and Huston D. Mills to dismiss the appeal as to them is granted.

THOMPSON, J., did not participate in the consideration or determination of this case.