Ellen D. BAY et al., Appellants,

v.

John W. MECOM, Trustee, et al., Appellees.

No. 6624.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 7, 1965.

Rehearing Denied Feb. 17, 1965.

Overton B. Banks, Houston, for appellants.

Fouts, Moore, Williams & Caldwell, Houston, Orgain, Bell & Tucker, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

We dispose of this appeal by sustaining all appellees' motions to dismiss same.

The following history of the controversy and the procedural matters arising in the same between the parties in the trial court are largely as outlined in the appellees' motions to dismiss:

Ellen D. Bay originated Suit No. 16695, being the sole plaintiff therein, and naming initially as defendants John W. Mecom, Overton B. Banks, Sun Oil Company, and others. The controversy then as initiated by Ellen D. Bay and as was continued by Overton B. Banks and W. F. Hooks as cross-plaintiffs after Ellen D. Bay settled and had judgment entered disposing of her claims centered around the validity of a unit designation executed by John W. Mecom, Trustee, on December 29, 1954, and recorded in the deed records of Liberty County, Texas. Sun Oil Company answered the original Ellen D. Bay suit by motion to stay, abate and dismiss and by interpleader setting forth that it was the purchaser of oil and as such a mere stakeholder not interested in the subject matter of the suit other than to pay the money in dispute to the persons justly entitled to re-

ceive it and making tender of the funds accruing from its purchases.

The trial court at an early date took note of the fact that the real controversy arose over the validity of the unit designation and that the Sun Oil Company was a mere stakeholder and not concerned with such controversy. Under date of November 13, 1959, therefore, the court entered an order acknowledging the interpleader position of Sun Oil Company and severing the action against Sun Oil Company into separate suit given the number 16695–A to be heard and determined "after the validity of said unit and the other matters involved in this suit are disposed of." When pleadings were still filed against Sun Oil Company (although the claims against it had thus been severed from the main suit), the court on July 21, 1961, entered another order again recognizing the position of the Sun Oil Company as a stakeholder who had filed an interpleader action and again ordered that all proceedings against Sun Oil Company be stayed until the determination of the main action.

Prior to the entry of the order on July 21, 1961, staying proceedings against the Sun Oil Company, Ellen D. Bay, the original plaintiff, who had brought the suit contesting the validity of the unit designation, through her then attorneys, entered into a compromise and settlement, which was consummated by the entry of final judgments disposing of her suits in both the original and the severed actions. She released John W. Mecom, Trustee, and the other defendants who had been named in the main suit and ratified the unit designation. Her suit was severed from the cross-action which was being prosecuted by Overton B. Banks and W. F. Hooks as cross-plaintiffs, in which they themselves then and now contest the validity of the unit. The severed action of Bay v. Mecom, et al., was assigned No. 16695–B and final judgment entered on March 22, 1960, in such severed action disposing of the suit of Ellen D. Bay against John W. Mecom, John W. Mecom,

Trustee, Carnes W. Weaver, Freeport Sulphur Company and Sinclair Oil Company.

While this disposed of the original action of Ellen D. Bay against the main defendants, this still left her severed action 16695–A against Sun Oil Company (in which Sun had filed interpleader) pending. In order to dispose of that action Ellen D. Bay filed a motion to dismiss the suit against Sun Oil Company with prejudice and on June 1, 1960, the court entered the order dismissing the Bay suit against Sun Oil Company with prejudice and ordering Sun Oil Company to pay to Ellen D. Bay her royalty interest under the unit as recognized and ratified.

Thus, insofar as Ellen D. Bay and the Sun Oil Company were concerned, the litigation had terminated with the entry of such judgment on June 1, 1960.

At this stage of the proceedings all claims against Sun Oil Company including the cross-action of Overton B. Banks and W. F. Hooks remained severed from the main action and assigned No. 16695–A. The position of Sun Oil Company under their interpleader had been recognized and all proceedings against Sun Oil Company had been stayed until the determination of the main action No. 16695 wherein Overton B. Banks and W. F. Hooks, as cross-plaintiffs, still contested the unit designation and no final judgment has yet been entered in this severed action 16695–A.

It was at this point that Ellen D. Bay, who had departed from the scene by entry of the judgments on November 22, 1960 and June 1, 1960 re-appeared by the institution of a new suit against Sun Oil Company, which for some unexplained reason bore the No. 16695–A.

Citation was served on Sun Oil Company and they answered by pleading the prior disposition of the case by compromise, ratification of the unit and the actual payment to Ellen D. Bay by Sun Oil Company, and acceptance by her, of the payments made pursuant to such compromise.

Contending that as a matter of law there were no allegations made in this second suit by Ellen D. Bay giving her the right to any of the relief sought (which would involve setting aside her compromise and the prior judgments) and that by reason of the undisputed matters shown of record she was not entitled to any relief, Sun Oil Company filed its motion for summary judgment against Ellen D. Bay. The motion for summary judgment was sustained and judgment entered in favor of Sun Oil Company and against Ellen D. Bay on November 5, 1962. As shown by appellee's motion to dismiss the Ellen D. Bay appeal against Sun Oil Company, there has been no bond, affidavit or deposit filed to appeal from this judgment.

Overton B. Banks and W. F. Hooks in No. 16695–A had filed on October 16, 1962, a motion for summary judgment against Sun Oil Company. Whether this motion was in the old proceeding so numbered or in the new Bay suit is uncertain but it must be held that it was filed in the old suit as they never sought or obtained leave to become parties in the new suit brought by Ellen D. Bay. Ellen D. Bay had likewise filed in her suit a motion for summary judgment. The court denied the motion for summary judgment filed by Bay, Banks and Hooks.

Appellants' briefs intermingle and confuse the two suits and proceedings. Banks and Hooks were not parties to the new suit No. 16695–A and never perfected any appeal from the judgment in such case entered November 5, 1962. The appellant, Ellen D. Bay, against whom a final judgment was entered never perfected her appeal against Sun Oil Company by filing bond or deposit.

■ The briefs of the appellants do not distinguish between the two suits and are most confusing by points which intermingle their contentions in the separate suits. We sustain the motions of all appellees to dismiss the appeals of all appellants, first, because it is obvious that said appellants have attempted to prosecute appeals from two separate judgments in two separate proceedings under one appeal and one transcript. This is not to be condoned. Missouri, K. & T. Ry. Co. of Texas v. Davison, Civ.App., 55 S.W. 188; Mohr v. Cochran, 20 Tex.Civ.App. 183, 49 S.W. 677. Banks and Hooks are appealing from the judgment rendered in favor of Mecom, et al., in Cause No. 16695 and Ellen D. Bay is appealing from the order dismissing her from said suit. In Cause No. 16695–A, Ellen D. Bay is appealing from the judgment rendered against her and in behalf of Sun Oil Company.

■ Second, in her suit against Sun, Ellen D. Bay has failed to file an appeal bond or costs in lieu thereof. Moreover, in connection with appellants Banks' and Hooks' attempted appeal in the suit with appellant Bay against Sun, we have observed that they have no position in the case. They were not parties to the suit or judgment, Bay being the sole plaintiff against Sun, the sole defendant. Even had they been parties to the judgment they, as Bay, never did perfect an appeal by filing bond, affidavit or deposit. The only thing shown in the transcript in this respect is the acknowledgment of deposit in lieu of costs by Bay, Banks and Hooks in Cause No. 16695. This acknowledgment in lieu of costs in No. 16695 in a judgment between Banks and Hooks v. Mecom, Freeport and Weaver can have no application to the judgment between Bay and Sun.

The motions of all appellees herein to dismiss the appeals of all appellants herein are accordingly sustained and said appeals are ordered dismissed.

PARKER, J., disqualified and took no part in the decision of the Court.