452 P.2d 715

**The STATE of Arizona, Appellant,**
**v.**
**Joe G. GOOD, Appellee. (nine cases)**

**The STATE of Arizona, Appellant,**
**v.**
**Bert B. WATKINS, Appellee. (six cases)**

**The STATE of Arizona, Appellant,**
**v.**
**Joe G. GOOD and Harriet Hiester,**
**Appellees. (two cases)**

**The STATE of Arizona, Appellant,**
**v.**
**Ray BROWN, Appellee.**
**No. 2 CA–CR 153–170.**

Court of Appeals of Arizona.
April 8, 1969.
Rehearing Denied May 6, 1969.
Review Denied June 3, 1969.

. Gary K. Nelson, Atty. Gen., Richard J. Riley, Cochise County Atty., Alan .L. Slaughter, Deputy County Atty., Cochise County, Bisbee, for appellant.

Wesley E. Polley, Bisbee, and W. Shelley Richey, Douglas, for appellees.

MOLLOY, Chief Judge.

In eighteen cases filed in this court, the defendants have moved to dismiss the appeals by the State on jurisdictional

grounds. The importance of the questions raised persuaded us to dispose of these respective motions to dismiss by written opinion rather than by minute entry order.

All eighteen cases are Cochise County criminal cases in which the respective defendants' motions to quash the indictment were granted on October 25, 1968. Throughout the proceedings in the trial court, various motions were filed, heard and ruled upon in each of these cases. Since these motions presented the same questions for determination, the hearings were consolidated, a commendable procedure in the interest of expedition.

However, there is no formal order of consolidation as to any of these causes in the record; throughout the proceedings below, they enjoyed separate identity, *i. e.*, eighteen individual causes: State v. Good, No. 7090; State v. Good, No. 7091; State v. Watkins, No. 7092; State v. Watkins, No. 7095; State v. Watkins, No. 7096; State v. Brown, No. 7099; State v. Good, No. 7103; State v. Good, No. 7106; State v. Good, No. 7107; State v. Good, No. 7108; State v. Good, No. 7109; State v. Good, No. 7110; State v. Good and Hiester, No. 7111; State v. Good and Hiester, No. 7112; State v. Watkins, No. 7115; State v. Watkins, No. 7116; State v. Watkins, No. 7117; and State v. Good, No. 7186. The order granting the motions to quash was filed in each cause.

On November 13, 1968, the State filed a notice of appeal in cause No. 7090 (our 2 CA–CR 153) which recited:

"Pursuant to ARS 13–1712, and the Rules of Criminal Procedure, the State of Arizona hereby appeals from the Order Granting Motion to Quash Indictments dated October 25, 1968 * * *"

The notice of appeal indicates thereon that a copy was mailed the same day to the defendant's attorneys of record. On November 26, 1968, the State filed in cause No. 7090 a "Designation of Record on Appeal" which specified as the record on appeal portions of the record in cause No. 7090, cause No. 7099, and certain transcripts of grand jury proceedings. A copy was mailed the same day to defendant's attorneys who subsequently, on November 29, 1968, filed a "Designation of Additional Record on Appeal":

"1) All portions of Cause Number 7090 not contained in the State's Designation of Record on Appeal.

"2) All portions of Cause Number 7099 not contained in the State's Designation of Record on Appeal.

"3) All portions of Master Grand Jury file Number 23748 not contained in the State's Designation of Record on Appeal."

This designation of additional record, signed by the defendant's attorney of record, indicates that a copy thereof was mailed on November 27, 1968, to the Chief Deputy County Attorney of Cochise County.

On January 21, 1969, the State filed a document in cause No. 7090 (our 2 CA–CR 153) entitled "Clarification of Notice of Appeal." This document recited in pertinent part:

"On November 13, 1968, Richard J. Riley, Cochise County Attorney, filed a Notice of Appeal appealing from the Order of the Honorable T. J. Mahoney quashing indictments in all odd and even numbered cases assigned to him.

"The previous Notice of Appeal was captioned exactly as the Order and *was intended to appeal all cases referred to in the order,* * * *" (Emphasis added)[1]

The respective motions to dismiss filed in these cases challenge our jurisdiction on the grounds that no appeal was perfected by the State within the period of time prescribed by law. An appeal by the State from an order quashing an indictment may be taken only within sixty days after entry

---

[1]. This "Clarification" was filed more than sixty days after entry of the order appealed from.

of such order. Rule 349, Rules of Criminal Procedure, 17 A.R.S. Rule 350, Rules of Criminal Procedure, provides in part:

"An appeal may be taken only by filing with the clerk of the trial court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, and by serving a copy of the notice of appeal as provided in Rules 351 and 352. * * *"

Rule 352, Rules of Criminal Procedure, provides:

"When the appeal is taken by the state, a copy of the notice of appeal shall be served on the defendant, if his place of residence is known, or if he is imprisoned in the county jail or in the state prison, then upon him at such place, or, if not, on his counsel, if any, who appeared for him at the trial, if the counsel resides or practices in the state. If such notice cannot be served, after due diligence, the trial court, upon proof thereof, may make an order for the publication of the notice in a newspaper for a period of time it deems proper. When the publication is completed the appeal becomes perfected."

Rule 353, Rules of Criminal Procedure, provides:

"The appellee may waive his right to notice that an appeal has been taken."

It is well-settled that a notice of appeal must be served and filed in accordance with controlling procedure. 24A C.J.S. Criminal Law § 1711(3); 4A C.J.S. Appeal & Error § 594(1). As to seventeen of these cases, a notice of appeal was neither filed with the clerk of the trial court nor served upon the respective defendants.[2] A notice of appeal was filed in cause No. 7090 and was served only upon counsel of record,[3] and not upon the defendants themselves as contemplated by the above-quoted rules.

■ Generally, it is held that the requirement of notice to the appellee is not "jurisdictional" in the sense that it may not be waived. Pankey v. Hot Springs Nat. Bank, 42 N.M. 674, 84 P.2d 649 (1938); 4A C.J.S. Appeal & Error § 595b (1); Rule 353, *supra*. Here, Rule 353 specifically states that the notice may be waived. In Application of Lopez, 97 Ariz. 328, 400 P.2d 325 (1965), our Supreme Court stated: " * * * the appeal is perfected by the filing of the notice." 97 Ariz. at 330, 400 P.2d at 326.

■ Waiver may be shown either by consent or conduct equivalent thereto—it is the appellate court's function to look at the circumstances to determine if there has been a waiver. 4A C.J.S. Appeal & Error § 595b (2). Slight evidence may suffice to constitute a waiver of a defect as to notice of the appeal when there is no showing of prejudice. Jackson v. Jackson, 71 Cal. App.2d 837, 163 P.2d 780 (1945); Davis v. Rudolph, 80 Cal.App.2d 397, 181 P.2d 765 (1947).

■ It is our view that when the notice of appeal is served on an attorney for the appellee at a time when there still would be time to correct any deviation in service,[4] and cognizance of the appeal is evidenced by conduct directed towards processing the record on appeal, such as designating additional portions of the record, the requirement of service upon the appellee personally is thereby waived. *See* McDonald v. McConkey, 54 Cal. 143 (1880); State ex rel. Nixon v. Graham, 25 La.Ann. 433 (1873). It hardly seems consonant with principles of fair play to permit a litigant to be allowed to contend that he had no notice of the appeal when in fact he had actual notice that an appeal was taken and voluntarily filed a document in the trial court directed towards processing the record on appeal.

■ Notwithstanding a defect in the service of the notice of appeal is subject to waiver, the same principles do not apply to

---

2. It is not disputed that the State knew where the respective defendants resided.

3. The same attorneys represented all of the defendants in all of the criminal causes.

4. At the time of the designation of additional portions of the record, there still remained thirty days to perfect an appeal. *See* Criminal Rule 349.

filing of the notice of appeal. As we have previously pointed out, a notice of appeal was filed only in cause No. 7090. It makes no reference whatsoever to any other cases. It indicates only an intention to appeal from the order entered in that particular case. The object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a specific case. Nunley v. Stan Katz Real Estate, Inc., 15 Utah 2d 126, 388 P.2d 798 (1964); Martin v. Clarke, 105 F.2d 685, 124 A.L.R. 497 (7th Cir. 1939). We have held that a notice of appeal cannot apply to two separate cases. Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965). Where separate judgments are rendered in separate proceedings, one notice of appeal does not suffice to bring up all the judgments for review. Wilcox v. State, 171 So.2d 425 (Fla.App.1965); Carroll v. State, 171 So. 2d 196 (Fla.App.1964); Vander Car v. Pitts, 166 So.2d 837 (Fla.App.1964); Wilson v. Davis, 218 Ga. 653, 129 S.E.2d 910 (1963). *See also* Phelps v. United States, 373 F.2d 194 (10th Cir. 1967), cert. denied, 387 U.S. 913, 87 S.Ct. 1701, 18 L.Ed.2d 634 (1967); and Bay v. Mecom, 387 S.W.2d 482 (Tex.Civ.App.1965). This is true as to separate actions even where the causes have been consolidated for purposes of trial. Ed. Phillips & Son Co. v. Erickson, 79 N.D. 286, 55 N.W.2d 575, 36 A.L.R.2d 819 (1952); Stephenson v. Futch, 213 Ga. 247, 98 S.E.2d 374 (1957).

■ Although mere technical errors in a notice of appeal, absent a showing of prejudice to the appellee, may not render it ineffective, Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95 (1967), such is not the case here where there is a complete absence of notice in seventeen cases. The State's attempted "Clarification," after the time for appeal had expired, if permitted, would have the effect of allowing an appeal which had not actually been taken. Such amendment cannot be made. Graham v. Barber, 192 Kan. 554, 390 P.2d 23 (1964); 4A C.J.S. Appeal & Error § 593(11), at 351. *See also* Bivens v. Todd, 222 Ga. 84, 148 S.E.

2d 424 (1966); and Welch v. State, 80 Nev. 128, 390 P.2d 35 (1964).

■ No notice of appeal having been filed in the seventeen cases, we are required to dismiss these appeals for want of jurisdiction; as to State v. Good, No. 7090 (2 CA–CR 153), service of the notice of appeal upon the defendant having been waived, the motion to dismiss is denied.

It is so ordered.

LAWRENCE HOWARD, Superior Court Judge, concurs.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.

KRUCKER, Judge (concurring in part, dissenting in part).

I concur with my colleagues as to the dismissal of the seventeen cases in which no notice of appeal was filed. However, I am of the opinion that No. 2 CA–CR 153 likewise should be dismissed on jurisdictional grounds, i. e., lack of jurisdiction of the person.

I have no quarrel with the basic proposition that such "jurisdictional" question may be waived by failure to raise a timely objection. 4A C.J.S. Appeal & Error § 595b. The majority appears to predicate its finding of waiver upon lack of a timely objection, and therein I disagree. It would require more than filing a designation of additional record on appeal to convince me that the appellee had intentionally relinquished a known right. Participation or appearance in the appellate proceedings would, in my opinion, constitute a waiver. *See* e. g., Baumgarten v. Jones, 21 Wis.2d 467, 124 N.W.2d 609 (1963); Jones v. Jones' Adm'x., 120 Vt. 151, 134 A.2d 841 (1957); Szafranski v. Radetzky, 31 Wis.2d 119, 141 N.W.2d 902 (1966); Dreves v.

Osolo School Tp. of Elkhart County, 217 Ind. 388, 28 N.E.2d 252, 128 A.L.R. 1405 (1940).

The appellee was entitled to receive notice of the appeal in accordance with the mandate of Rules 350 and 352, Rules of Criminal Procedure, 17 A.R.S. He has raised the objection to lack of notice at the first opportunity in this court, i. e., after receipt of this court's notice that the case had been docketed and two weeks before appellant's opening brief was filed. Such objection, to me, is timely, and I would not hold the single act in the trial court to constitute a waiver. *See,* Winchester v. Winn, 225 Mo.App. 288, 29 S.W.2d 188 (1930) (approval of supersedeas bond held not to constitute a waiver); Bray Clothing Co. v. Holland, 98 Okl. 164, 224 P. 324 (1924) (appellee's suggested amendments to case-made held not to be a waiver).