935 P.2d 887

**STATE of Arizona, Appellant,**

v.

**William A. RASCH, Appellee.**

**No. 1 CA–CR 96–0022.**

Court of Appeals of Arizona, Division 1, Department E.

Oct. 29, 1996.

Review Denied April 29, 1997.

Richard M. Romley, Maricopa County Attorney by Diane W. Gunnels, Deputy County Attorney, Phoenix, for Appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellee.

## OPINION

TOCI, Judge.

The state appeals the trial court's dismissal with prejudice of one count of aggravated assault and two counts of criminal damage against William A. Rasch ("defendant"). Defendant asserts that we do not have jurisdiction. We conclude, however, that Rule 31.2, Arizona Rules of Criminal Procedure, provides that the state's timely filing of a notice of appeal under the wrong cause number does not deprive this court of jurisdiction. *See State v. Good,* 9 Ariz.App. 388, 392, 452 P.2d 715, 719 (1969). We also conclude that, because the trial court found the prosecutor's failure to advise the victim of defendant's interview request resulted from a miscommunication, the prosecution did not engage in intentional or deliberate misconduct to justify a dismissal with prejudice. We therefore affirm the dismissal but vacate the "with prejudice" language in the judgment of dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with aggravated assault and two counts of criminal damage. The prosecutor sent the victim a letter explaining her rights as a victim under the Arizona Constitution. The victim told the prosecutor that she wanted to speak only with him. Defense counsel informed the prosecutor that he wished to interview her, but no interview took place.

The victim testified at the trial. On cross-examination and in chambers outside the jury's presence, she stated that the prosecutor never informed her that defense counsel had requested an interview with her. She stated that if she had been informed, she would have complied.

In chambers, the prosecutor admitted that he violated his statutory obligation to inform the victim of defense counsel's interview requests. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–4433(B) (Supp.1996). Defendant moved to dismiss the case for a violation of his substantive due process rights. On December 6, 1995, the court "dismiss[ed] the case with prejudice, jeopardy having attached."

On December 22, 1995, the state filed a timely notice of appeal. Although correct in every other detail, the notice of appeal contained the wrong cause number. On Decem-

ber 28, 1995, after discovering the error, the state filed an amended notice of appeal containing the correct cause number. On January 3, 1996, the state filed a supplemental notice of appeal and sought an order treating it as filed on December 22. The trial court denied the state's motion. The court reasoned that the state filed under the wrong cause number "without reason or excuse" and did not show "excusable neglect."

## II. DISCUSSION

### A. Jurisdiction

Defendant contends that, because the notice of appeal contained the incorrect cause number, this court does not have jurisdiction over the appeal. Although the state recognized its mistake and filed both an amended and a supplemental notice of appeal, defendant argues that the amended notice was not timely. We disagree.

Rule 31, Arizona Rules of Criminal Procedure, contains the procedural requirements governing criminal appeals. Rule 31.3 provides that a party must file a notice of appeal within twenty days after judgment. In *State v. Berry*, 133 Ariz. 264, 650 P.2d 1246 (App. 1982), we held that when a party files a notice of appeal more than twenty days from dismissal, we do not have jurisdiction over the appeal except to order its dismissal.[1] *Id.* at 267, 650 P.2d at 1249.

Rule 31.2(d) (Supp.1996) provides that the notice of appeal shall "identify the order, judgment and sentence appealed from." This rule was "drawn from Federal Rules of Appellate Procedure 3." Ariz.R.Crim.P. 31.2 cmt (1987). That rule, and cases interpreting it, find most defects non-jurisdictional. *Matarese v. LeFevre*, 801 F.2d 98, 105 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987) (failure to specify the order or decision was not a jurisdictional defect).

A notice of appeal gives the adverse party notice that an appeal has been taken from a "specific judgment in a specific case." *Good*, 9 Ariz.App. at 392, 452 P.2d at 719. In general, this requires that appellant serve and file the notice of appeal in accordance with the procedural rules. *Id.* at 391, 452 P.2d at 718. A "mere technical error[ ]," however, does not render the notice ineffective, unless the appellee shows that the error prejudiced him. *Id.* at 392, 452 P.2d at 719.

Here, the state filed the appeal within the twenty-day limit that Rule 31 prescribes. Although the notice of appeal contained the incorrect cause number, it correctly identified the order appealed from, the names of the parties, and the judge, and thus it clearly gave notice to defendant. The incorrect cause number constituted a non-jurisdictional defect. The state cured that defect when it filed the amended notice of appeal reflecting the correct cause number only two days after the twenty-day deadline. Because the defendant has not argued or shown prejudice, the notice of appeal was effective. Therefore, we have jurisdiction to hear the state's appeal.

Defendant argues that the state's failure to timely object to the dismissal waives the issue on appeal. A.R.S. section 13–4032(1) (Supp.1996), however, specifically authorizes an appeal from the order of dismissal. Defendant has not cited, and we have not found, any cases that require the state to object to a judgment of dismissal in order to preserve a right to appeal.[2]

Further, defense counsel did not move for dismissal with prejudice, he simply moved for dismissal. Rule 16.6(d) (Supp.1996) provides that a dismissal of prosecution is without prejudice "unless the court order finds that

---

1. In *State v. Rodriguez*, 163 Ariz. 391, 393 n. 2, 788 P.2d 124, 126 n. 2 (App.1989), Division Two of this court declined to follow *Berry* and instead found exceptional circumstances justified suspending the twenty-day requirement pursuant to Rule 31.20.

2. The cases defendant cites in support of this argument are inapposite. *E.g., State v. Kemp*, 185 Ariz. 52, 57, 912 P.2d 1281, 1286, *cert.*

*denied*, —— U.S. ——, 117 S.Ct. 117, 136 L.Ed.2d 68 (1996) (a party waives his right to appeal issues listed in the appendix of his opening brief but not discussed in its body); *State v. Walden*, 183 Ariz. 595, 611, 621, 905 P.2d 974, 990, 1000 (1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996) (absent fundamental error, counsel is precluded from raising evidentiary issues on appeal if he failed to object during trial).

the interests of justice require that the dismissal be with prejudice." Not until the trial judge granted the motion to dismiss was it apparent that the dismissal was with prejudice. The state did not waive its right to appeal from the judgment dismissing the case with prejudice. We therefore turn to the merits of the appeal.

## B. Dismissal With Prejudice

Relying on Rule 16, the state argues that the trial court abused its discretion when it dismissed this action with prejudice. As we discussed above, Rule 16.6(d) requires a trial court to dismiss a case without prejudice unless it specifically finds that the interests of justice require dismissal with prejudice. In *State v. Garcia,* 170 Ariz. 245, 823 P.2d 693 (App.1991), the defendant claimed that the state filed a motion to dismiss to delay the case so that a critical witness would become unavailable. *Id.* at 246–47, 823 P.2d at 694–95. The trial court dismissed the case with prejudice. *Id.* at 247, 823 P.2d at 695 (dismissal based on Rule 16.5(d), now Rule 16.6).

On appeal, this court held in *Garcia* that the trial judge abused his discretion when he dismissed the state's case with prejudice. *Id.* Based on the record, we concluded that the trial judge could not have relied on the potential unavailability of the witness in dismissing the case with prejudice. *Id.* Instead, this court found that a dismissal with prejudice might be appropriate if the state retried the defendant, the trial judge found that the state had delayed prosecution to gain a tactical advantage, and the critical witness had disappeared. *Id.*

▪ Here, shortly after the court dismissed the case "with prejudice, jeopardy having attached," the prosecution filed a motion for reconsideration. Although the trial court ultimately denied this motion because "prejudice was obvious and, at that point, not remediable," it failed to make specific findings of prejudice to defendant. Defendant, citing *State v. Zmich,* 160 Ariz. 108, 770 P.2d 776 (1989), argues that we must view the facts in the light most favorable to sustaining

the trial court's ruling. We agree. This proposition, however, does not help defendant.

▪ Although, in general, jeopardy attaches when the jury is impaneled, *State v. Soloman,* 125 Ariz. 18, 21, 607 P.2d 1, 4 (1980), the double jeopardy clause does not ordinarily bar retrial when a court grants a mistrial on defendant's motion. *State v. Wilson,* 134 Ariz. 551, 554, 658 P.2d 204, 207 (App.1982).[3] Nevertheless, when the prosecutor knowingly engages in improper and prejudicial conduct indifferent to the fact that such conduct will likely result in a mistrial or dismissal, the court must order a mistrial and jeopardy will attach. *Pool v. Superior Ct.,* 139 Ariz. 98, 108–09, 677 P.2d 261, 271–72 (1984). A prosecutor whose conduct is due to legal error, negligence, or mistake does not meet this condition. *Id.* at 108, 677 P.2d at 271. Before jeopardy will bar a retrial after a mistrial, the court must find that the prosecutor's conduct was intentional conduct that caused prejudice to the defendant and could not be cured by means short of a mistrial. *Id.* at 109, 677 P.2d at 272. The double jeopardy clause protects defendants "against [both] governmental actions intended to provoke mistrial requests and ... the substantial burdens imposed by multiple prosecutions." *State v. Marquez,* 113 Ariz. 540, 542, 558 P.2d 692, 694 (1976).

▪ Here, the record shows that the prosecutor's failure to inform the victim of defense counsel's request for an interview was inadvertent rather than intentional. The prosecutor relied on the victim's statement, "I only want to talk to you." The trial judge agreed that the prosecutor's mistake was not intentional but instead the result of a miscommunication. Because the trial judge found no prosecutorial misconduct, he erred in dismissing the case with prejudice.

▪ Furthermore, we observe in passing that a double jeopardy issue is not "ripe" until the defendant is prosecuted following a mistrial. *See Marquez,* 113 Ariz. at 541, 558 P.2d at 693; *Pool,* 139 Ariz. at 101, 677 P.2d

---

3. Here, the state asserts, and defendant does not dispute, that when a defendant requests a dismissal during trial it is functionally equivalent to a mistrial.

at 264 (trial judge refused to rule on double jeopardy issue *after declaring mistrial* as not "a propitious time"). The issue is normally presented when defendant moves to dismiss the second prosecution on double jeopardy grounds, claiming that judicial or prosecutorial overreaching intentionally forced a mistrial of the original prosecution. *See Marquez,* 113 Ariz. at 543, 558 P.2d at 695. Here, the trial court erred in prematurely ruling on double jeopardy grounds.

■ Defendant contends that the state's position requires that we speculate on a "silent record," which *State v. Williams,* 128 Ariz. 415, 416, 626 P.2d 145, 146 (App. 1981), prohibits. The record, however, supports the state's position. The trial judge dismissed the case without specific findings of intentional or deliberate prosecutorial misconduct. Additionally, by finding that the failure to inform the victim about the defense's request was a mere "miscommunication," the trial judge implicitly found an absence of intentional or deliberate prosecutorial misconduct.

### III.   CONCLUSION

We find that the state did not waive its right to appeal the trial court's order dismissing this case with prejudice. We conclude that the trial court abused its discretion in dismissing the charges against defendant with prejudice. We affirm the judgment of dismissal as modified by vacating the phrase "with prejudice."

GARBARINO, P.J., and WEISBERG, J., concur.