BAUMGARTEN, Plaintiff and Appellant, v. JONES, d/b/a
JONES TRUCKING COMPANY, Defendant: O'KEEFE and
another, Defendants and Respondents.

*October 29—November 26, 1963.*

For the appellant there was a brief and oral argument by *John E. Esler* of Kaukauna.

For the respondents there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *H. Robert Klueter*.

FAIRCHILD, J. 1. *Motion to dismiss appeal.* Although plaintiff's notice of appeal was filed on the same day the judgment was entered, it did not refer to the judgment, but stated that plaintiff appealed from the order directing a verdict and denying judgment on the verdict. That order was not appealable. Both parties filed briefs discussing the merits of the directed verdict upon which the judgment was based. Defendants' brief, filed July 9, 1963, noted no objection to our jurisdiction to decide the merits. On October 2d, defendants moved to dismiss the appeal because taken from a nonappealable order and plaintiff moved for leave to amend the notice of appeal so as to refer to the judgment.

Defendants relied on *Jaster v. Miller.*[1] In that case an appeal had been taken from an order for judgment. This court dismissed the appeal and held that it had no power to review the judgment which had been entered, even though respondent had participated in the proceeding in this court without first moving to dismiss the appeal.

A subsequent enactment has altered the rule. Ch. 189, Laws of 1959, created sec. 274.11 (4), Stats., which provides as follows:

"The right of appeal shall exist from the time of the entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2) and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal."

---

[1] (1955), 269 Wis. 223, 234, 69 N. W. (2d) 265.

A letter from the author of the bill, in the file of the legislative reference library, asserts that this "proposal intends to overcome the ruling of the court in *Jaster v. Miller* . . ."

Relying on sec. 274.11 (4), Stats., this court has held that where an appealable order or judgment has been entered, but no proper notice of appeal therefrom has been served, a respondent who participates in this court in a review of the merits thereof without appropriate objection on the ground that jurisdiction over his person has not been obtained for such review has waived his objection.[2]

We concluded that by participation in presenting the merits of the review of the judgment, defendants waived any objection to our jurisdiction they may have had. We denied their motion to dismiss and granted plaintiff's motion to amend his notice of appeal.

2. *The merits.* Baumgarten's explanation of the accident was substantially as follows: He saw the O'Keefe automobile stopped for the intersection and thought it would stay there until he had passed. When Baumgarten was between 200 and 250 feet east of the intersection, O'Keefe suddenly pulled out of Meade street.

"When he pulled out I left up on the gas somewhat, and I see I couldn't stop behind him without hitting him; so I looked ahead and I see a truck way up the road there, and swung out to get around him."

Baumgarten thought the Jones truck was 1,000 feet away at that time.

The atmosphere was misty and it had been raining. Trucks had been hauling fill for a construction project, and red clay had dropped off along the highway, most of it being

---

[2] *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. (2d) 594, 599, 106 N. W. (2d) 269; *Town of Madison v. City of Madison* (1960), 12 Wis. (2d) 100, 103, 106 N. W. (2d) 264.

in the eastbound lane. The pavement was slippery. Baumgarten testified that his car slid, and after he straightened it out, he attempted to return to his own lane.

The left front corner of the truck struck the left side of Baumgarten's car, toward the rear.

"A verdict should only be directed against a plaintiff where plaintiff's evidence, giving it the most-favorable construction it will reasonably bear, is insufficient to sustain a verdict in plaintiff's favor." [3]

The evidence would support a jury finding that defendant O'Keefe was negligent in failing to keep an efficient lookout toward the east and in failing to yield the right-of-way to a vehicle approaching the intersection on a through highway. [4]

Judge PARNELL concluded that in 200 to 250 feet plus the distance O'Keefe would have traveled on Highway 41, Baumgarten could have slowed his car enough to stay behind O'Keefe without collision, and that even though both were negligent, principal responsibility rested upon Baumgarten's voluntary and negligent attempt to pass O'Keefe.

It may be that Baumgarten could have remained in his own lane without striking O'Keefe and that he was negligent in attempting to pass. The jury could infer, however, that in order to stay in his own lane and avoid a collision, Baumgarten would have been compelled to apply his brakes suddenly and very hard; and that he could have passed in safety except for the delay caused by slipping on the wet clay.

In the great majority of automobile accident cases the comparison of negligence is for the jury, and the instances

---

[3] *Rudzinski v. Warner Theatres* (1962), 16 Wis. (2d) 241, 243, 114 N. W. (2d) 466; see *United States Fidelity & Guaranty Co. v. Milwaukee & S. T. Corp.* (1962), 18 Wis. (2d) 1, 7, 117 N. W. (2d) 708; *Gilson v. Drees Brothers* (1963), 19 Wis. (2d) 252, 255, 120 N. W. (2d) 63; *Schlueter v. Grady* (1963), 20 Wis. (2d) 546, 552, 123 N. W. (2d) 458.

[4] Sec. 346.18 (3), Stats.

in which a court can rule as a matter of law that the negligence of a plaintiff equaled or exceeded that of a defendant are extremely rare.[5] We conclude that in the present case the jury could reasonably assess a greater responsibility to O'Keefe, whose conduct precipitated the dangerous situation, than to Baumgarten, who may have been negligent in the manner he attempted to avoid the danger.

We conclude that it was error to direct a verdict.

3. *Further proceedings.* Unless the verdict be modified or set aside on other grounds, judgment should be granted thereon.

Defendants moved, after verdict, for a change of answers to the comparison question and to a damage question, and moved for a new trial on all issues, or on the issue of damages, on several grounds. When Judge PARNELL directed the verdict, he expressly held the other motions in abeyance for further consideration if need be.

The principles controlling the direction of a verdict and a change of answers to the comparison question are the same in this case, and the motion for change of answers to the comparison question will necessarily be denied. The motion for change of answers to the damage question remains undecided, for further consideration by the circuit court. The motions for new trial also remain undecided, and, as provided in sec. 270.49 (1), Stats., we direct the determination of the pending motions for new trial within sixty days after notice of filing the remittitur.

*By the Court.*—Judgment reversed, cause remanded for proceedings not inconsistent with the opinion on file.

---

[5] *Schlueter v. Grady, supra,* page 553, footnote 3; *Donlea v. Carpenter,* ante, p. 390, 124 N. W. (2d) 305.