WINTON and wife, Respondents, v. GERSMEHL, Appellant: ADELL STATE BANK, Defendant.

*No. 11. Argued November 25, 1969.—Decided December 19, 1969.*
(Also reported in 172 N. W. 2d 809.)

212

For the appellant there was a brief by *Dillman & Fiedelman,* and oral argument by *William H. Holbrook,* all of Sheboygan.

For the respondents there was a brief by *Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel.*

CONNOR T. HANSEN, J. Gersmehl was fifty-nine at the time of the trial and lived with his mother on a fifty-eight and one-half acre farm, where he operated a small junk business. In January, 1967, Gersmehl contacted Kermit Krueger, a real estate broker, for the purpose of selling part of his farm. On January 24, 1967, Krueger, at Gersmehl's request, prepared an offer and acceptance form for the purchase and sale of approximately forty acres of Gersmehl's property, which was not to include the house, barn and approximately fifteen acres

of land around these buildings. The price proposed by Gersmehl was $12,000; however, the prospective purchasers, Mr. and Mrs. Ben Winton, plaintiffs-respondents, did not accept because the price was too high. Krueger continued to contact plaintiffs and on May 2, 1967, Krueger, Gersmehl and plaintiffs met at Gersmehl's farm, discussed the price, the amount of land to be sold, and staked off the property to be retained by Gersmehl. Another offer and purchase agreement was prepared by Krueger. This time the price was $9,000 for "40 acres more or less in Section 10" and it was presented to respondents. Prior to signing, plaintiffs inserted the following provision in the offer to purchase: "The seller agrees to discontinue parking junked autos on the remaining portion of the farm, and to gradually eliminate the junked cars until cleared of junked cars within the next three (3) years from above date." A down payment was made by respondents and the offer was taken to Gersmehl. Before signing, Gersmehl contacted another real estate broker who informed him that the price was a good one for the land. Gersmehl then signed the agreement and the land was surveyed. However, when plaintiffs made a tender of the balance due under the contract, Gersmehl informed them he did not intend to go through with the transaction. Plaintiffs then brought this action for specific performance.

Gersmehl filed a notice of appeal from the "judgment rendered by the above named Court herein, entered on the 12th day of August, 1968. . ." The "judgment" of August 12th was in reality the decision rendered by the trial court. Findings of fact and conclusions of law, together with the judgment were not signed by the trial judge and filed until November 8, 1968. The decision from which Gersmehl has appealed was not a "judgment" in that it was not "the final determination of the rights of the parties in the action." Sec. 270.53 (1), Stats. Therefore, it was not appealable. However, this type of defect relates to the jurisdiction over the person

and can be waived. In *Estate of Burns* (1964), 23 Wis. 2d 175, 179, 127 N. W. 2d 239, it was determined:

"Although the issue was not raised by the parties, it is clear that the appeal was taken from the court's decision, which is comparable to an order for judgment and, thus, not normally appealable. Sec. 274.33, Stats. . . . We have concluded that the court has jurisdiction to examine this appeal on its merits by reason of sec. 274.11 (4), as interpreted in *Baumgarten v. Jones* (1963), 21 Wis. 2d 467, 124 N. W. 2d 609. Under the *Baumgarten Case,* at page 470, this court held that where an appealable order or judgment has in fact been entered but proper notice of appeal has not been served, a respondent who participates in the review of the merits before the supreme court without objection has waived any question or jurisdiction.

"In the instant case, the respondent did not make an appropriate objection on the ground of jurisdiction of her person; although the appeal was taken from the wrong order, a final order has in fact been entered and, accordingly, we may consider the merits of this appeal."

In this case, the judgment entered on November 8, 1968, is appealable and includes the motion for new trial, and the intermediate order which denied the motion. Sec. 274.33, Stats. Thus, the question of jurisdiction has been waived and the issue may be considered by the court.

Gersmehl claims the provision in the offer to purchase relating to the discontinuance of having junked autos on the retained land is unconscionable, contrary to public policy and a provision in restraint of trade. In their brief, plaintiffs do not argue the point but state: ". . . no claim is made by the plaintiffs that such portion of the agreement be contained in the deed or be binding upon defendant Gersmehl." Thus, the only issue is whether this provision is divisible from the rest of the contract.

"**Entire and Divisible.**—The primary criterion for determining whether a contract is entire or severable or divisible is the intention of the parties. Accordingly, in determining whether a contract to sell real property is divisible or entire, the court will consider the terms of

the contract, its subject matter, and other circumstances disclosed by the evidence, including the conduct of the parties." 55 Am. Jur., *Vendor and Purchaser*, p. 575, sec. 99.

The restrictive provision was not part of the initial offer made by Gersmehl but inserted by plaintiffs and is one of the reasons Gersmehl refused to go through with the transaction. Holding this provision void will not impair the sale of land from Gersmehl to plaintiffs which was the primary objective of the parties. On appeal, Gersmehl has conceded that the price for the land, exclusive of the provision relating to junked cars, is reasonable, and no objection has been made to making this contract divisible. Thus, on the basis of these facts, the restrictive agreement is divisible and severable from the contract for sale of land. Therefore, holding that portion of that contract void and unenforceable by agreement of plaintiffs does not render the total contract void.

The main argument put forth on appeal is that Gersmehl was incompetent at the time of the transaction and, therefore, the contract is voidable by him. This question was not in issue at the trial; nevertheless, the trial court in its August 12, 1968, decision found Gersmehl competent. There is no contention that the trial court erred in refusing to grant a new trial on the grounds of newly discovered evidence; rather, reliance on appeal is entirely on the testimony of Gersmehl and his sister, Mildred Martch, elicited at the trial. However, the trial was one year after the time Gersmehl signed the contract. In addition, reference to mental condition was raised by Gersmehl himself in nonresponsive and general answers. Mildred Martch testified as to Gersmehl's psychiatric treatment, but did so with no reference to Gersmehl's lack of ability to comprehend what he was doing when he agreed to sell part of his farm to plaintiffs. Against this dearth of evidence is placed the findings of the trial court:

"Another point raised by the defendant himself, although not mentioned in his counsel's brief, is the question of his competency to enter into the contract. He testified that he receives disability aid because of nervousness; that he spent a month in the mental ward of a hospital; and that he has seen a psychiatrist. No medical or psychiatric proof was offered to support his claim of incompetency. If there had been any testimony to the effect that the sale price was wholly disproportionate to the value of the property there would be some suspicion that plaintiff was at least taking advantage of defendant, but the evidence is entirely to the contrary. Defendant was astute enough to consult a second competent real estate broker about the price before signing the second offer. This broker advised him that it was a good offer and that he could not do better for him. . . .

"In conclusion, I am satisfied that the transaction satisfies the requirement of the statute of frauds and that plaintiff was competent to enter into the agreement. . . ."

The decision of the trial court is not against the great weight and clear preponderance of the evidence and should not be disturbed.

Plaintiffs argue costs should be imposed against appellant for failure to abridge those parts of the testimony dealing with compliance with the statute of frauds. However, the issue of statute of frauds was not raised on appeal; therefore, abridgment of that testimony was not necessary. Sec. 251.35 (5), Stats.

*By the Court.*—Judgment affirmed.

HEFFERNAN, J., took no part.