**AMOCO PRODUCTION COMPANY et al., Appellants,**

v.

**L. T. UNDERWOOD et al., Appellees.**

No. 5082.

Court of Civil Appeals of Texas, Eastland.

Oct. 27, 1977.

Rehearing Denied Nov. 17, 1977.

Charles F. Potter, Potter, Guinn, Minton & Dickerson, Tyler, S. Tom Morris, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, for appellants.

Edward L. Atkinson, Lemon, Close, Atkinson & Shearer, Perryton, James R. Harris, Harris, Cook, Browning & Barber, Corpus Christi, for appellees.

McCLOUD, Chief Justice.

This case involves the cancellation by lessors of a "gas unit" designated by lessee under the pooling provisions of eight oil, gas and mineral leases. The jury found that the designation of the gas unit by the lessee was not made in "good faith".

Victory Petroleum Corporation entered into a "Farmout Contract" with Amoco Production Company whereby Victory agreed to drill a test well on Section 3, BS&F Survey, Wheeler County, Texas, and Amoco agreed to assign to Victory certain leases covering land located near Section 3. Amoco reserved an overriding royalty interest in the leases assigned. After the test well was completed as a gas well, Victory filed a gas unit declaration forming a 688.02 acre gas operating production unit designated as the Victory Petroleum Company et al, Circle Dot Ranch Gas Unit No. 1. As designated, the unit perpetuated beyond the primary term eight different oil, gas and mineral leases containing 2,252.03 acres of land. The unit affected the eight leases as follows:

| Lessor | Land Covered | Total Acres in Lease | Acres Included in Unit | Acres Excluded From Unit |
|---|---|---|---|---|
| Walser (Circle Dot) | Sec. 3 | 643.23 | 553.02 | 90.21 |
| Walser (Circle Dot) | Sec. 81 | 647.90 | 45.00 | 602.90 |
| Underwood | NW/4 & SE/4 of Sec. 2 | 320.90 | 10.00 | 310.90 |
| Underwood | N/2 of Sec. 1 | 320.00 | 20.00 | 300.00 |
| Wright American United | SE/4 of Sec. 1 | 160.00 | 10.00 | 150.00 |
| Hefley | SW/4 SW/4 of Sec. 4 | 40.00 | 40.00 | 0 |
| Johnson | N/2 SW/4 SE/4 SW/4 of Sec. 4 | 120.00 | 10.00 | 110.00 |
| TOTALS | | 2,252.03 | 688.02 | 1,564.01 |

Circle Dot Ranch, Inc., acquired the Walser interest in Sections 3 and 81 after the execution of the leases in question.

Plaintiffs, L. T. Underwood and wife, Ora Lee Underwood, and Circle Dot Ranch, Inc., sued defendants, Amoco Production Company, Victory Petroleum Company, Westland Oil Development Corporation, L. C. Kung, Natural Gas Pipeline Company of America, American United Life Insurance Company, Sam J. Wright and wife, Gertrude Wright, Jack Hefley and wife, Bernice Hefley, Eula E. Johnson, individually and as Independent Executrix of the Estate of Jack I. Johnson, Deceased, Kenneth P. Clepper and wife, Peggy Sue Clepper, Euline S. Walser, a feme sole, and Leon L. Hoyt, Jr. and Hughes Seewald, Independent Executors of the Estate of Donald D. Harrington, Deceased, seeking, among other relief, cancellation of the Circle Dot Ranch Gas Unit No. 1. Defendants, Kenneth P. Clepper and wife, Peggy Sue Clepper, and Euline S. Walser, nonparticipating royalty owners, filed answers admitting all allegations con-

tained in plaintiffs' original petition and requested that they be realigned as plaintiffs. Defendants, American United Life Insurance Company, Sam J. Wright and wife, Gertrude Wright, Jack Hefley and wife, Bernice Hefley, Eula E. Johnson, individually and as Independent Executrix of the Estate of Jack I. Johnson, Deceased, and Leon L. Hoyt, Jr. and Hughes Seewald, Independent Executors of the Estate of Donald D. Harrington, Deceased, were served citations but failed to answer. The other defendants filed answers and participated in the trial.

The jury answered two issues. In special issue 1, the jury found "it was the judgment of Victory Petroleum Company, Westland Oil Development Corporation, Amoco Production Company, and L. C. Kung that it was necessary or advisable to designate the gas unit in the manner set out and described in the Unit Declaration dated May 20, 1975 in order to properly develop and operate the eight (8) oil, gas and mineral leases in question." In special issue 2, the jury found that the designation of the Circle Dot Ranch Gas Unit by Victory Petroleum Company, Westland Oil Development Corporation, L. C. Kung and Amoco Production Company "was not made in good faith".

Judgment was entered that the Unit Designation of the Victory Petroleum Company et al, Circle Dot Ranch Gas Unit No. 1 be canceled and held for naught; that the cloud upon plaintiffs' title to the oil, gas and other minerals in and under the N/2 of Sec. 1, BS&F Survey, the SE/4 and NW/4 of Sec. 2, BS&F Survey, and Sec. 81, Block M–1, H&GN RR Co. Survey, all in Wheeler County, Texas, by reason of the execution and recordation of the gas unit, be in all things removed; that the gas purchase contract by and between Victory Petroleum Company and Natural Gas Pipeline Company of America be canceled and held for naught insofar and only insofar as the contract covers the property described above; that the oil, gas and mineral leases dated May 29, 1970, executed by the Underwoods and Walsers as lessors, covering the above described property have terminated for fail-

ure of production; and, that Circle Dot Ranch, Inc., Euline S. Walser and the Estate of Donald D. Harrington, Deceased, are entitled to all royalties payable on gas and condensate heretofore or hereafter produced and sold from the existing well situated on Section 3, BS&F Survey, Wheeler County, Texas.

Amoco Production Company, Victory Petroleum Company, Westland Oil Development Corporation, L. C. Kung and Natural Gas Pipeline Company of America have appealed. We affirm.

Appellants contend the court erred in overruling their motion for instructed verdict and motion to disregard the jury's answer to special issue 2 because there is no evidence that appellants were not acting in good faith in designating the Circle Dot Ranch Gas Unit. Appellees argue the appellants "gerrymandered" the eight leases as set out in the unit designation to advance their own pecuniary interest without regard to the rights of appellees and the other mineral owners in and under the affected lands.

Appellees or their predecessors in title executed four oil, gas and mineral leases in favor of Amoco, dated May 29, 1970, with each containing a five-year primary term. The leases were assigned to Victory and each contained a pooling clause which, in part, provides as follows:

"Lessee, at its option, is hereby given the right and power to pool or combine the land covered by this lease, or any portion thereof, as to oil and gas, or either of them, with any other land, lease or leases when in Lessee's judgment it is necessary or advisable to do so in order to properly develop and operate said premises, such pooling to be into a well unit or units not exceeding forty (40) acres, plus an acreage tolerance of ten percent (10%) of forty (40) acres, for oil, and not exceeding six hundred and forty (640) acres, plus an acreage tolerance of ten percent (10%) of six hundred and forty (640) acres, for gas, except that larger units may be created to conform to any spacing

or well unit pattern that may be prescribed by governmental authorities
. . . ."

The court in *Elliott v. Davis,* 553 S.W.2d 223 (Tex.Civ.App.—Amarillo 1977, writ filed) recently stated that the lessee must exercise "good faith" toward the lessor and royalty owners in making a pooling designation. See also *Pritchett v. Forest Oil Corporation,* 535 S.W.2d 708 (Tex.Civ.App. —El Paso 1976, writ ref. n. r. e.); *Texaco, Inc. v. Lettermann,* 343 S.W.2d 726 (Tex. Civ.App.—Amarillo 1961, writ ref. n. r. e.); *Banks v. Mecom,* 410 S.W.2d 300 (Tex.Civ. App.—Eastland 1966, writ ref. n. r. e.); *Tiller v. Fields,* 301 S.W.2d 185 (Tex.Civ. App.—Texarkana 1957, no writ); *Expando Production Company v. Marshall,* 407 S.W.2d 254 (Tex.Civ.App.—Fort Worth 1966, writ ref. n. r. e.); *Imes v. Globe Oil & Refining Co.,* 184 Okl. 79, 84 P.2d 1106 (1938). As a general rule, the question of good faith is a fact question to be determined by the fact finder. *Kiser v. Lemco Industries, Inc.,* 536 S.W.2d 585 (Tex.Civ. App.—Amarillo 1976, no writ).

In considering appellants' no evidence points, we must consider only the evidence and inferences tending to support the jury's finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

Westland Oil Development Corporation and Victory Petroleum Company are "associated companies" occupying joint offices. On May 20, 1975, A. B. Rothwell, Vice-President of Westland Oil Development Corporation and Victory Petroleum Company sent the following letter to Amoco:

"We are still conducting completion operations on the Circle Dot Ranch No. 1 well in Wheeler County, Texas, although we have no doubt that we will be successful in making a Morrow Sand gas completion.

As you are aware, the majority of your leases included under your Farmout Contract (EA 56,278) will expire at the end of their primary term on May 29, 1975. It is imperative that we file a Gas Unit Declaration of record prior to this date.

We are forwarding herewith three (3) copies of Victory Petroleum Company et al's Circle Dot Ranch Gas Unit No. 1 Unit Declaration. *This unit has been designed to hold the majority of your leases which will expire on May 29, 1975,* and also takes into consideration our recent review of your seismic records." (Emphasis added)

The Victory Petroleum Circle Dot well was commenced on Section 3 in December 1974. It was completed in the Upper Morrow Formation on or about May 16, 1975, and the official potential test was conducted on May 21, 1975. The gas unit designation was signed on May 20, 1975, and filed on May 27, 1975, only two days before May 29, 1975, the termination date of the primary term of appellees' oil, gas and mineral leases.

At the time of trial, appellants had no plans to drill an additional well on any part of the 2,252 acres affected by their gas unit. Appellants excluded from the unit 90.21 acres in Section 3 where the well was located even though their records indicated the excluded acreage was probably productive, and included 45 acres in Section 81, which perpetuated beyond the primary term 602.-90 acres, even though Section 81 was "lower structurally". One of appellants' witnesses testified that with the information at hand when the unit was designated, it would be "extremely stupid" to drill in Section 81, where the "seismic and subsurface" data indicated it was "lower". Their plan would be to move to a higher structural position. The Circle Dot well was drilled on a lease containing 643.23 acres. It was not necessary to bring in additional acreage in order to have a full spacing unit and receive full allowable under the Texas Railroad Commission's "spacing rules".

After May 29, 1975, the termination date of the primary term of the leases in question, appellees could have leased their land, other than Section 3 where the well was located, to other persons for a cash bonus of $75 per acre if it had not been "tied up" by the gas unit. Riney and Laxson, employees of Westland and Victory, attempted to jus-

tify the boundaries of the unit, however, the jury could have concluded from their testimony that they were not familiar with the Upper Morrow Formation and not qualified to evaluate the facts from a geological or engineering standpoint.

The jury could have properly concluded from the evidence and inferences listed above that the configuration of the unit was not established in good faith, but designated as stated in Rothwell's letter to Amoco, "to hold the majority of the leases" which would otherwise expire on May 29, 1975.

We have considered all of appellants' points of error and they are overruled. Judgment of the trial court is affirmed.