CELSIUS ENERGY COMPANY, a Nevada corporation, Joseph K. Morford II, a California resident, Paul M. Shaver and Jack L. Stanford, Oklahoma residents, Plaintiffs–Appellants,

v.

MID AMERICA PETROLEUM, INC., a Colorado corporation, MAP 1981–3 Drilling Partnership, a Texas Limited Partnership, MAP 1982–3 Drilling Partnership, a Texas Limited Partnership, MAP 1983–1 Drilling Partnership, a Texas Limited Partnership, MAP 1983–2 Drilling Partnership, a Texas Limited Partnership, MAP 1983–3 Drilling Partnership, a Texas Limited Partnership, Knox Industries, Inc., a Texas corporation, Carodyne Energy 1981 B

Ltd., a Texas Limited Partnership, Carodyne Energy 1982 B Ltd., a Texas Limited Partnership, Dynasty 1981–1 LTD., a Texas Limited Partnership, Dynasty Oil Corporation, a Delaware corporation, Kaztex Joint Venture, a division of Kaztex Financial Inc., a Wisconsin corporation, Ted Woods, Jess Edwards, Gordon Knox and R. Charles Northington, Texas residents, Defendants–Appellees.

No. 87–2675.

United States Court of Appeals, Tenth Circuit.

Jan. 31, 1990.

---

Robert J. Emery, Oklahoma City, Okl., for plaintiffs-appellants.

Andrew J. Moore, Oklahoma City, Okl., for defendants-appellees.

Before ANDERSON, SETH and BRORBY, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This is a diversity action in which the appellants, Celsius, et al., seek to cancel oil and gas leases of appellees, Mid America Petroleum, et al., located in Alfalfa County, Oklahoma. The trial court denied summary judgment for the plaintiffs and granted judgment for defendants. The case was presented on stipulated facts.

On appeal the issue is whether the trial court erred in finding that the appellees' declaration of pooling was authorized under pooling clauses contained in the oil and gas leases to thereby extend the leases. We affirm the trial court and hold that the appellees' exercise of the pooling power was authorized, effective, and did extend the primary terms of the oil and gas leases in question.

■ We review an order granting summary judgment under the same standard employed by the trial court under Rule 56(c) of the Federal Rules of Civil Procedure. *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.). Summary judgment should be affirmed if the record before the court shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As mentioned, the parties stipulated to all the underlying facts giving rise to this action. On February 26, 1981, the appellants' predecessor in interest executed two oil and gas leases with appellee, Mid America Petroleum, Inc., for a primary term of three years. The leases covered an 80–acre tract comprising of the South half of the Southeast quarter of Section 22, Township 28 North, Range 9 West, Alfalfa County, Oklahoma (the subject premises). Subsequently, the appellants were assigned the lessor's interest in the lease. Mid America Petroleum, Inc., as lessee, assigned its entire working interest in the lease to the appellees. MAP 1981–2 Drilling Partnership acquired a 62.5% interest in the total leasehold and later assigned this interest to MAP 1981–3 Drilling Partnership.

On February 24, 1984, the original assignees executed and filed the declaration of pooling here in issue in which MAP 1981–3 Drilling Partnership was not a party. The declaration thus pooled a part interest of the subject premises with leases on an adjoining tract on which production had been effected. No production had been obtained on the subject premises. The declaration of pooling resulted in a pooling of 37.5% of the total mineral leasehold estate in the subject premises with the outside acreage.

The appellees contend that the pooling was authorized and thus, the production on the adjoining tract is attributable to the subject premises and operates to extend their leases beyond the primary terms.

Appellants dispute this urging that the pooling was unauthorized and invalid when filed. Therefore, since no production was attributable to the subject premises before the primary terms of lessees' lease expired, appellees' leases should be canceled and title should be quieted in appellants' favor.

The appellants urge that in determining whether a lease grants pooling authority, we should consider the lessor's interest in developing the mineral estate and whether there is a valid legal or scientific reason for pooling. The appellants assert that the pooling had the effect of diluting the lessor's interest. Thus the appellants' position is that, when so examined, the pooling was not in their interests, the declaration of pooling was unauthorized and was invalid.

Effective March 26, 1984, the Oklahoma Corporation Commission in response to an application by Mid America filed February 24, 1984, established a 160–acre spacing for a common source of supply of gas under Section 22 and held that one well would efficiently drain 160 acres. The parties had stipulated that "good faith" was not an issue since the pooling was done in good faith. So, with a geological basis for the pooling shown to exist, and no good faith issue, there remains only a consideration of the bare language of the pooling clause.

 Whether the pooling was authorized is determined by the provisions of the lease as a whole and, of course, by the pooling clause. Heath v. Fellows, 526 F.Supp. 723, 725 (W.D.Okla.) (citing 5 Summers, Oil and Gas § 967 at 104–105 (1966); 4 Williams & Meyer, Oil and Gas Law § 668 at 1 (1981)). The language governs if it is clear and explicit, and does not involve an absurdity. Okla.Stat. tit. 15, § 154 (1966); Martens v. Kaiser–Francis Oil Co., 768 P.2d 383, 385 (Okla.App.).

 The pooling clause in the appellees' oil and gas leases states as follows:

"Lessee is hereby granted the right at any time and from time to time to unitize the leased premises or any portion or portions thereof, ... with any other lands ... for the production primarily of oil or primarily of gas with or without distillate."

We agree with the trial court that the language of the pooling clause grants the appellees broad authority to unitize the leased premises with "any other lands." This language is effective to grant the lessee power to unitize the tracts in question. Moreover, there is nothing in the clause which restricts the lessees' power to unitize with less than 100% of the leasehold interest.

In these circumstances where the good faith of the action and a geological basis has been established, we find no authority to support the appellants' argument that we must look beyond the language of the lease to the lessors' interests to determine whether the lessees' pooling power was authorized. Under Oklahoma law, although the lessor's interests and whether the lessee's pooling has resulted in a fair apportionment are relevant inquiries with respect to the "good faith" requirement, Boone v. Kerr–McGee Oil Industries, 217 F.2d 63 (10th Cir.), there is no indication that these are relevant factors with respect to authorization under the lease terms. See Douglass, Powers and Problems of Lessee Pooling, 34 Oil and Gas Institute 238–247 (1983). The requirement that the lessee's pooling power be exercised with good faith and due regard for the lessor's interests was imposed precisely to limit the lessee's broad pooling authority under pooling clauses similar to the one in this case. See Amoco Production Co. v. Jacobs, 746 F.2d 1394, 1397–1402 (10th Cir.); Hoffman, Pooling and Unitization: Current Status and Developments, 33 Oil & Gas Institute 250–53 (1982). See also, Heath, 526 F.Supp. at 725–26.

The cases and authority which appellants urge as supportive of their position are inapposite. The court in Amoco Production Co. v. Underwood, 558 S.W.2d 509 (Tex.Civ.App.), disallowed partial pooling as appellants contend; however, the court's reasoning turned on the "good faith" requirement. The Amoco court upheld a jury's finding of bad faith because the geology did not fit the configuration of the pooling unit formed. Similarly, the question of whether a lessee should consider scientific data in the exercise of its pooling

power is relevant with respect to the good faith inquiry. Douglass, *Powers and Problems of Lessee Pooling*, 34 Oil and Gas Institute 245–47 (1983); *Diggs v. Cities Service Oil Co.*, 241 F.2d 425 (10th Cir.) (construing Oklahoma law).

The appellants' argument that the declaration of pooling is unauthorized because it was signed by 37.5% of the working interests is without merit. In *Heath* the lessor alleged that to have a voluntary unitization, 100% of the interests in the property must agree to the unitization. The court stated that Oklahoma law on this issue was best expressed in 5 Summers, Oil and Gas § 967 at 104–105 (1966), where the authors stated:

> "Is pooling permitted when the pooling parties control less than the total interest in the pooled unit involved and, therefore, cannot create a unit in which all interests are pooled?
>
> "Insofar as these problems are specifically covered by the pooling clause itself, the agreement controls....
>
> "Cases dealing within [sic] this problem are few. The better view would seem to be that, absent negative language in the clause, any pooling combination is permissible, subject only to the test of good faith." (Emphasis omitted.)

*Heath v. Fellows*, 526 F.Supp. at 725–26. We find *Heath* persuasive authority that the lessees' pooling of a 37.5% interest, although subject to the test of good faith, is authorized under the broad authority of the pooling clause. Appellants have presented no affidavits or other evidence to controvert the language of the lease. We cannot write a contract for the parties.

The trial court correctly entered summary judgment in favor of appellees. Given the broad language of the pooling clause, in the absence of specific limitations on the lessees' pooling power, the trial court did not err in finding that the lessees' declaration of pooling was authorized.

AFFIRMED.